IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD SETH TRZASKA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:00-cr-23-DB<br><br>District Judge Dee Benson |

Before the court is Defendant's pro se Petition for Expungement of Records (the "Motion") (Dkt. No. 25.) In the Motion, Defendant requests an order expunging all records related to the above-captioned case. Having considered the Motion, the court issues the following Memorandum Decision and Order.

Background

On December 21, 1999, Defendant was charged by felony information with a single count of possession of child pornography, in violation of 18 U.S.C. 2252A(a)(5)(B). (Dkt. No. 1 (original case no. 2:00-m-381), Def. Mot. at 1.) On January 12, 2000, Defendant made his initial appearance and was appointed counsel, pursuant to his request. (Dkt. No. 4, Dkt. No. 8.) On January 19, 2000, a Grand Jury returned a felony indictment charging Defendant with possession of child pornography, in violation of 18 U.S.C. 2252A(a)(5)(B). (Dkt. No. 11.) Upon the filing of the indictment, the two cases—2:99-m-381 arising from the felony information and 2:00-cr-23 arising from the felony indictment—were merged. (Dkt. No. 11.) On January 24, 2000, Defendant was arraigned with counsel present and entered a plea of not guilty. (Dkt. No. 12.) On

February 23, 2000, Defendant filed a Motion to Suppress Evidence from the search of Defendant's residence on November 26, 1999. (Dkt. No. 19.) On February 29, 2000, the court issued a notice that the Motion would be heard on March 9, 2000. (Dkt. No. 20.) On March 7, 2000, prior to the court hearing the Motion to Suppress on the merits, the United States filed a Motion to Dismiss Indictment. (Dkt. No. 21.) The court granted the government's motion on March 9, 2000, and the indictment was dismissed that same day. (Dkt. No. 22.)

## Discussion

This court has no statutory authority to expunge Defendant's criminal record. *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993). As such, "any authority to order expungement must stem from the inherent equitable powers of the court." *Id.* Although the Tenth Circuit has acknowledged some equitable authority to expunge arrest and conviction records, that power is "exceedingly narrow and to be applied only in the most unusual circumstances." *United States v. Friesen*, 853 F.2d 816, 817 (10th Cir. 1988). For example, in *United States v. Linn*, the defendant was acquitted following a jury trial and requested expungement of his arrest record, alleging, among other things, that "misuse and improper dissemination of his record of arrest was likely" and that the record of his arrest was particularly harmful to his character and reputation as an individual and in his professional capacity as an attorney. 513 F.2d 925, 926 (10th Cir. 1975). The Tenth Circuit held that the district court properly denied the defendant's request to expunge records, holding that, absent some unconstitutional action or unlawful arrest, the mere fact that the defendant was acquitted was insufficient to require the trial court to expunge his record of arrest. *Id*.

The same result follows here. Defendant was indicted by a Grand Jury of possession of child pornography. The court never considered the merits of Defendant's Motion to Suppress the evidence upon which that Indictment was based. As in *Linn,* although Defendant was "no doubt severely inconvenienced by the return of the indictment, there is nothing to indicate any harassing action, as such, by any governmental agency." *Linn*, 513 F.2d at 928. Although the charges against Defendant were ultimately dismissed, there is no evidence before the court to suggest that those charges were improperly brought or not supported by probable cause. Defendant has failed to show that his case is sufficiently extreme and unusual to merit this court's exercise of equitable powers to expunge Defendant's records.

## Conclusion

For the foregoing reasons, Defendant's Motion for Expungement of Records is hereby DENIED.

DATED this 5th day of July, 2017.

BY THE COURT:

Dee Benson
United States District Judge